[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

RECEIVED
12/2/2021 JF
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

– EMERGENCY –

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

STEVE PODKULSKI #B53394

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

1:21-CV-06480
Judge Charles R. Norgle, Sr
Magistrate Judge Heather K. McShain
PC 7/ Direct / PC Scan

Case No:________________
(To be supplied by the Clerk of this Court)

1. DR HENSEY
2. DR TUCCO
3. DR ~~[illegible]~~ BATISTA
4. NURSE E. ADU
5. WEXFORD HEALTH CARE[illegible]
6. WARDEN OSBOURNE
7. WARDEN GOMEZ
8. JOHN DOE DR JOLIET HOSPITAL
9. JOHN DOE MEDICAL DIRECTOR JOLIET HOSPITAL

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

**CHECK ONE ONLY:**

✓ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

____ **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I. Plaintiff(s):**

A. Name: STEVE PODKULSKI # B53394

B. List all aliases:

C. Prisoner identification number: #B53394

D. Place of present confinement: STATEVILLE

E. Address: PO Box 112 Joliet IL 60434

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II. Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

1 A. Defendant: DR HENSEY

Title: MEDICAL DIRECTOR

Place of Employment: STATEVILLE C.C.

2 B. Defendant: DR TUCCO

Title: DOCTOR

Place of Employment: STATEVILLE C.C.

3 C. Defendant: DR BATISTA

Title: ~~DR BATISTA~~ DOCTOR

Place of Employment: STATEVILLE C.C.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4 D. DEFENDANT: E. ADU
TITLE: NURSE
PLACE OF EMPLOYMENT: STATEVILLE C.C.

5 E. DEFENDANT: WEXFORD HEALTHCARE DIRECTOR JOHN DOE
TITLE: DIRECTOR OF OPERATIONS
PLACE OF EMPLOYMENT: WEXFORD PHARMACEUTICALS

6. F. DEFENDANT: WARDEN OSBOURNE
TITLE: WARDEN III
PLACE OF EMPLOYMENT: STATEVILLE CC.

7. G. DEFENDANT: DAVID GOMEZ
TITLE: WARDEN I
PLACE OF EMPLOYMENT: STATEVILLE CC.

8. H. DEFENDANT: JOHN DOE
TITLE: DOCTOR
PLACE OF EMPLOYMENT: JOLIET HOSPITAL

9. I. DEFENDANT: JOHN DOE
TITLE: DIRECTOR EMPLOYEE TRAINING
PLACE OF EMPLOYMENT: JOLIET HOSPITAL

11. Have you ever filed any other lawsuit or claim before or after the filing of this lawsuit? If so, for each lawsuit or claim state the nature of the complaint, the court in which it was filed, the year it was filed, the title and docket or case number, and the disposition.

**ANSWER:** Plaintiff states that he filed the following lawsuits and claims:

1. Northern District of Illinois 99-cv-7328 Podkulski v. Gunn et al.
   § 1983 claims related to being assaulted by the Evergreen Park Police; Dismissed pursuant to stipulated agreement

2. Northern District of Illinois 03-cv-5924 Podkulski v. Snyder, et al
   Claims related to being attacked by an inmate; Dismissed pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state an actionable federal claim

3. Northern District of Illinois   03-cv-7307   Podkulski v. Fowler, et al
   Claims related to being denied medical examination and treatment for a back injury, reducing Plaintiff's seizure medication, and refusal to refer Plaintiff to a neurologist; Dismissed with prejudice pursuant to settlement agreement

4. Northern District of Illinois   03-cv-50402   Podkulski v. Sylvester, et al
   Claims related suffering seizure while in custody, forcing Plaintiff to walk while having a seizure, and spraying Plaintiff with pepper spray; Dismissed with prejudice pursuant to settlement agreement

5. Northern District of Illinois   04-cv-3259   Podkulski v. Baird, et al
   Claims related to being attacked by other inmates and deliberate indifference to Plaintiffs health or safety; Dismissed with prejudice pursuant to settlement agreement

6. Northern District of Illinois   04-cv-50216   Podkulski v. Burton, et al
   Claims related to officers taking cash, a car, and other personal property from Plaintiff without due process; Dismissed with prejudice pursuant to settlement agreement

7. Northern District of Illinois   07-cv-1664   Podkulski v. Walker
   Request for emergency injunctive relief to not hold Plaintiff in prison past a date certain; Dismissed pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state an actionable federal claim

8. Northern District of Illinois   07-cv-2324   Podkulski v. Walker et al.
   Claims related to medical treatment for an ankle injury and need for eyeglasses and claims related to ignoring grievances; Dismissed pursuant to Motion to Dismiss

9. Northern District of Illinois   07-cv-4636   Podkulski v. Walker et al
   Petition for writ of habeas corpus dismissed

10. District of New Hampshire   11-cv-1025   Podksulski v. Gordon et al
    Claims related to not being allowed a bottom bunk despite seizure disorder resulting in injury, ignoring grievances, being struck by guards, being placed into a cell containing human waste, being questioned regarding charges that had been dismissed; Dismissed with prejudice pursuant to stipulation to dismiss

11. Central District of Illinois   13-cv-1348-JES   Podkulski v. Nicholson et al.
    Claims related to delayed treatment for medical issues and being unnecessarily restrained to a steel bed while naked; Defendants' Motion for Summary Judgment granted and Plaintiff's appeal denied for lack of jurisdiction

12. Northern District of Illinois   13-cv-5438   Podkulski v. Engelson
    Petition for writ of habeas corpus dismissed with prejudice

13. Northern District of Illinois 14-cv-9484 Podkulski v. Johnson et al.
Petition for writ of habeas corpus dismissed

14. Northern District of Illinois 14-cv-10104 Podkulski v. Williams et al
Claims related to Plaintiff's release from Stateville on October 22, 2014 including placing Plaintiff on parole/mandatory supervised release against his will, forging Plaintiff's signature on release papers, assault by prison guards, deliberate indifference by a mental health worker and nurse, retention of personal property by Tarry Williams, and violations of the ADA; Dismissed with prejudice for failure to comply with court order to provide accurate information in application to proceed *in forma pauperis*

15. Northern District of Illinois 15-cv-11548 Podkulski v. Olson et al.
Class action complaint related to being assaulted by an inmate while in protective custody, staff ignoring grievances, repeated incidents with segregated inmates, and medical claims related to seizure medication; Dismissed without prejudice for failure to prosecute, motion for reconsideration denied

16. Central District of Illinois 16-cv-1173-CSB Podkulski v. Inman et al.
Claims related to two sexual assaults while incarcerated at the Livingston County Jail; Dismissed pursuant to agreed stipulation to dismiss with prejudice

17. Northern District of Illinois 16-cv-3331 Podkulski v. Olson et al.
Claims related to being threatened and assaulted by inmate; Third Amended Complaint dismissed with prejudice and motions to reconsider denied

18. Southern District of Illinois 17-cv-1284 Podkulski v. Trost et al
Claims related to having wheelchair taken away, not receiving seizure medication, not being given hygienic supplies, and being placed in a cell naked and told to wash off fecal matter with hands and water; Dismissed with prejudice due to accumulation of three strikes under 28 U.S.C. § 1915(g)

19. Northern District of Illinois 17-cv-5660 Podkulski v. Dart et al
Claims related to medical care including missing appointments, being denied seizure medication, and ignoring incontinence needs; Dismissed with prejudice due to accumulation of three strikes under 28 U.S.C. § 1915(g)

20. Northern District of Illinois 17-cv-7960 Podkulski v. Director IDOC et al.
Petition for writ of habeas corpus denied

21. Northern District of Illinois 17-cv-8629 Podkulski v. Miles et al
Claims related being placed at Stateville in March 2016 as a parole violator even though Plaintiff was not a parole violator, deliberate indifference to Plaintiffs slashed wrists, being beaten and choked by unknown officers, deliberate indifference to incontinence needs, ignoring specialist recommendation to provide

wheelchair, being subjected to cruel and unusual punishment; Dismissed with prejudice for failure to comply with court order to provide accurate information in application to proceed *in forma pauperis*

22. Northern District of Illinois   18-cv-7083   Podkulski v. Fraticola et al
    Claims related to assault by correctional officers; Dismissed for failure to pay filing fee

23. Northern District of Illinois   1:18-cv-7087   Podkulski v. Riley et al
    Claims related to disparate treatment by correctional officers in regards to use of dayroom and amenities; Dismissed for failure to pay filing fee

24. Northern District of Illinois   18-cv-7089   Podkulski v. Youksoulian et al
    Claims related to assault by correctional officer; Dismissed for failure to pay filing fee

25. Northern District of Illinois   18-cv-7205   Podkulski v. Merritt et al
    Claims related to holding Plaintiff for longer than 48 hours without a bond; Dismissed for failure to pay filing fee

26. Northern District of Illinois   18-cv-7261   Podkulski v. Merritt et al
    Claims related to violations of Eighth and Fourteenth amendment rights related to murder trial; Dismissed for failure to pay filing fee, motion to reconsider and/or stay denied

27. Northern District of Illinois   18-cv-7321   Podkulski v. Lombardi et al
    Claims related to guards forcing Plaintiff to sit on wheelchair they knew to contain contraband; Dismissed for failure to pay filing fee

28. Northern District of Illinois   18-cv-7872   Podkulski v. Kaminsky et al
    Claims related to guards threatening Plaintiff and triggering his PTSD; Dismissed for failure to pay filing fee

29. Northern District of Illinois   18-cv-7947   Podkulski v. Davis et al
    Class action complaint related to individuals manipulating the grievance process and violating Plaintiff and others' 8th and 14th Amendment rights; Dismissed for failure to pay filing fee, motion to reconsider and/or stay denied

30. Northern District of Illinois   19-cv-734   Podkulski v. Taylor et al
    Claims related to deliberate medical indifference regarding treatment for back injury; Dismissed for failure to pay filing fee

**IV. Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. TOLD DR HENSEY, IT WAS AN BACTERIAL INFECTION ON MY TOES, AND FROM THROWING "EVERYTHING" UP FOR 3 WEEKS STRAIGHT 8TH +14TH AMEND VIOLATIONS. SHE DID NOTHING

2. I SHOWED NURSE E. ADU AND SEVERAL OTHER JOHN AND JANE DOE NURSES, AND CALLED FOR HELP MULTIPLE TIMES OVER MULTIPLE DAYS ONLY TO BE IGNORED 8TH +14 AMEND VIOLATION,

3. I TOLD DR TUCCO AND SHOWED HER NECROTIC TISSUE ON TOES. SHE TOLD ME IT WAS FROM DIABETES AND DID NO TESTING OR EXAM. 8TH + 14TH AMEND VIOLATIONS

4. TOLD DR BATISTA SAME AS ABOVE. SAME RESULTS. 8TH AND 14TH AMEND VIOLATIONS

5. WARDEN OSBOURNE WAS DIRECTLY TOLD ABOUT MY ISSUES ONLY TO TELL ME ITS NOT HIS PROBLEM, ITS A HEALTH CARE ISSUE. HE IS WARDEN OVER HEALTH CARE. 8TH +14TH AMEND VIOLATIONS.

6. WARDEN GOMEZ WAS CONTACTED BY MY FAMILY, MYSELF, EMERGENCY GRIEVANCES ALL WITH NO RESULTS AND HE IS IN CHARGE OF STAFF, VIOLATING MY 8TH + 14TH AMENDS.

Revised 9/2007

7. JOHN DOE WEXFORD DIRECTOR IS IN CHARGE OF PROPERLY SCREENING STAFF AND TRAINING STAFF ON E-COLI AND OTHER INFECTIOUS DISEASES WHICH I NOW HAVE. 8TH + 14TH AMEND VIOLATIONS.

8. JOHN DOE DR AT JOLIET HOSPITAL ORDERED BUT DID NOT COMPLETE TESTING, TOLD ME THE JAIL WOULD TAKE CARE OF ME. THROWING UP 3 WEEKS STRAIGHT AND NECROTIC TISSUE ON TOES SHOULD HAVE BEEN TESTED WITH COTTON SWAB AND URINE SAMPLE. 8TH AND 14TH AMEND VIOLATIONS.

9. JOHN DOE MEDICAL DIRECTOR IS IN CHARGE OF ENSURING ALL PATIENTS RECEIVE SAME LEVEL OF CARE. AND EMPLOYEES COMPLETE TESTING ORDERED. VIOLATING 8TH + 14TH AMENDS.

10. ATTACHED ADDITIONAL PAGE! NEXT PAGE.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10 ALL OFF THESE DEFENDANTS DELIBERATLY IGNORED ME AND MY MEDICAL ISSUES VIOLATIONS MY 8TH + 14TH AMENDMENTS TO U.S.C., THIS IS AN EMERGENCY ISSUE AND I WILL/HAVE SUFFERED IRREPARABLE HARM TO MY SELF, I AM NOT AT RISK I AM DEFINITLY GOING TO LOSE SOME TOES, THE LONGER IT TAKES TO GET HELP I MAY LOSE MY WHOLE LEG. THE X3 BACTERIA I WAS FOUND TO HAVE ARE MERSA, E-COLI, AND ONE I DONT KNO W. PSYDO MUOSIN; DEADLY IF ENTERS MY BLOOD STREAM; I AM IN PAIN DAILY, SUFFERING IRREPARABLE HARM TO MY BODY, PLEASE ALLOW THIS CASE TO MOVE FORWARD WITHOUT FULL PREPAYMENT AND APPOINT COUNSEL ASAP. I AM SMI (SEVERLY MENTALLY ILL) AND CANNOT COPE WITH THINGS SOMETIMES FOR WEEKS AT A TIME. I DESPERATLY NEED HELP. ALL THESE ISSUES HAPPENED IN THE LAST 6 WEEKS BEGGINING OF OCTOBER 2021 A SIMPLE CULTURE FROM A COTTON SWAB AND URINE SAMPLE COULD HAVE MADE NONE OF THIS POSSIBLE, I WOULD HAVE BEEN TREATED TIMELY. AND NOT SUFFERED AND CONTINUE TO SUFFER.

PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

COMPENSATORY DAMAGES IN THE AMOUNT OF $500,000.00
PUNITIVE DAMAGES IN THE AMOUNT OF 2 MILLION DOLLARS
JOINT AND SEVERELLY IN DEFENDANTS OFFICIAL AND INDIVIDUAL
CAPACITIES
INJUNCTIVE RELIEF IN REVOCATION OF DR TUCCO, DR BATISTA,
AND NURSE E. APN MEDICAL LICENSES!

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 24TH day of NOVEMBER, 2021

_____
(Signature of plaintiff or plaintiffs)

STEVE PODKULSKI
(Print name)

# B53394
(I.D. Number)

PoBox 112
Joliet IL 60434
(Address)

STEVE PODRULSKI #B25544
PoBox 112
Joliet IL 60434

IDOC
LEGAL
MAIL

U.S. POSTAGE PITNEY BOWES
ZIP 60434 $ 002.96
02 4W
0000371311 NOV 29 2021

Clerk of Court
U.S District Court 7th Circuit N.E. Illinois
Room 2302 B
219 S. Dearborn St
Chicago IL 60604

LEGAL MAIL